No. 13-55625

# United States Court Of Appeals
# For The Ninth Circuit

BRIAN McLAUGHLIN,

*Plaintiff and Appellant,*

vs.

WELLS FARGO BANK, N.A., etc., et al.,

*Defendants and Appellees.*

*Appeal from a Judgment of the United States District Court,*
*Central District of California, Case No. 8:12-cv-01114*
*Hon . David O. Carter, United States District Judge*

# Appellees' Brief

Jan T. Chilton (SBN 47582)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Navdeep K Singh (SBN 284486)
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

Attorneys for Defendants and Appellees
Bank of America, N.A., and Wells Fargo Bank, N.A., as trustee

# CORPORATE DISCLOSURE STATEMENT
[Fed. R. App. 26.1]

Pursuant to Fed. R. App. P. 26.1, defendants and appellees state:

Wells Fargo & Company, a publicly traded bank holding company, owns more than 10% of the shares of Wells Fargo Bank, N.A.

Bank of America Corporation, a publicly held corporation, directly or indirectly owns 10% or more of Bank of America, N.A.

# TABLE OF CONTENTS

*Page*

I.      JURISDICTIONAL STATEMENT ...................................................1

II.     ISSUES FOR REVIEW ..................................................................1

III.    STATEMENT OF THE CASE ........................................................1

IV.     STANDARD OF REVIEW ............................................................4

V.      SUMMARY OF ARGUMENT ......................................................6

V.      BY FILING A GROSSLY DEFICIENT OPENING BRIEF,
        MCLAUGHLIN HAS FORFEITED ANY CLAIM OF ERROR ...............8

VI.     THE DISTRICT COURT PROPERLY REJECTED MCLAUGHLIN'S
        CONTENTION THAT BOFA AND WELLS FARGO LACK
        AUTHORITY TO ENFORCE THE DEED OF TRUST ............................9

VII.    *GLASKI* DOES NOT REVIVE MCLAUGHLIN'S
        MORIBUND ACTION ...................................................................11

        A.      *Glaski* Was Wrongly Decided...........................................11

        B.      McLaughlin Did Not Allege Facts
                Supporting A *Glaski* Claim ...............................................16

VIII.   CONCLUSION.............................................................................18

# TABLE OF AUTHORITIES

*Page(s)*

*Cases*

*AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631 (9th Cir. 2012)....................5

*Alperin v. Vatican Bank,* 410 F.3d 532 (9th Cir. 2005)..............................................5

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009)......................................................................5

*Bank of Am., N.A. v. Bassman FBT, LLC*,
    981 N.E.2d 1 (Ill. App. Ct. 2012)..........................................................12, 13

*Bell Atl. Corp. v. Twombly*, 550 U.S. 554 (2007)......................................................5

*Bowen v. Olstead*, 125 F.3d 800 (9th Cir. 1997) ........................................................6

*Boza v. U.S. Bank, Nat'l Ass'n*, No. LA CV12–06993 JAK,
    2013 WL 5943160 (C.D. Cal. Oct. 28, 2013) ...............................................16

*Brownfield v. City of Yakima*, 612 F.3d 1140 (9th Cir. 2010)...................................8

*Christian Legal Soc'y Chapter of Univ. of Cal. v. Wu*,
    626 F.3d 483 (9th Cir. 2010) ...........................................................................8

*Dernier v. Mortgage Network, Inc.*, No. 2012–226,
    __ A.3d __, 2013 WL 5663279 (Vt. Oct. 18, 2013) ..............................13, 14

*Deutsche Bank Nat'l Trust Co. v. Adolfo*, No. 12 C 759,
    2013 WL 4552407 (N.D. Ill. Aug. 28, 2013)................................................13

*Deutsche Bank Nat'l Trust Co. v. Stafiej*, No. 10 C 50317,
    2013 WL 1103903 (N.D. Ill. Mar. 15, 2013) ...............................................14

*Diunugala v. JP Morgan Chase Bank, N.A.*, No. 12cv2106–WQH–NLS,
    2013 WL 5568737 (S.D. Cal. Oct. 3, 2013)...........................................13, 16

*Flowers v. First Hawaiian Bank*, 295 F.3d 966 (9th Cir. 2002) ..........................5-6

*Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal.App.4th 256 (2011).........................18

*Glaski v. Bank of America, N.A.* (2013) 218 Cal.App.4th 1079...................7, 11-18

*Herrera v. Fed. Nat'l Mortg. Ass'n*, 205 Cal. App.4th 1495 (2012)......................10

*Hine v. Huntington,* 103 N.Y.S. 535 (N.Y. App. Div. 1907) ..................................12

# TABLE OF AUTHORITIES

*Page(s)*

*Cases*

*In Re Sandri*, 501 B.R. 369 (Bankr. N.D. Cal. 2013) ............................................16

*In re Verifone Secs. Litig.*, 11 F.3d 865 (9th Cir. 1993) ...........................................5

*Int'l Union of Bricklayers v. Martin Jaska, Inc.,*
    752 F.2d 1401 (9th Cir. 1985) ......................................................9

*Jenkins v. JPMorgan Chase Bank, N.A.,*
    216 Cal.App.4th 497 (2013) .......................................................15

*Jerry Beeman & Pharm. Servs., Inc. v. Anthem Prescription Mgmt., LLC,*
    652 F.3d 1085 (9th Cir. 2011) ................................................11, 15

*Kahle v. Gonzales*, 487 F.3d 697 (9th Cir. 2007) ....................................................4

*Knievel v. ESPN*, 393 F.3d 1068 (9th Cir. 2005) ....................................................4

*Lee v. City of Los Angeles*, 250 F.3d 668 (2001) ....................................................5

*Mooney v. Madden,* 597 N.Y.S.2d 775 (N.Y. App. Div. 1993) .............................12

*Newman v. Bank of N.Y. Mellon*, No. 1:12–CV–1629,
    2013 WL 5603316 (E.D. Cal. Oct. 13, 2013)................................16

*Outdoor Media Grp., Inc. v. City of Beaumont*,
    506 F.3d 895 (9th Cir. 2007) ......................................................5

*Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*,
    522 F.3d 1049 (9th Cir. 2008) .....................................................6

*Pugh v. JPMorgan Chase Bank, N.A.*, No. 2:13–cv–01141,
    2013 WL 5739147 (E.D. Cal. Oct. 22, 2013)................................16

*Reinagel v. Deutsche Bank Nat'l Trust Co.,*
    722 F.3d. 700 (5th Cir. 2013) ...................................................13

*Rivac v. Ndex West LLC,* No. C 13–1417 PJH,
    2013 WL 6662762 (N.D. Cal. Dec. 17, 2013) .............................16

*Ryman v. Sears, Roebuck & Co.*, 505 F.3d 993 (9th Cir. 2007)..............................11

# TABLE OF AUTHORITIES

*Page(s)*

*Cases*

*Subramani v. Wells Fargo Bank N.A.*, No. C 13–1605 SC,
   2013 WL 5913789 (N.D. Cal. Oct. 31, 2013) ...............................................16

*Svoboda v. Bank of Am.*, *N.A.*, No. SA–12–CV–00484–DAE,
   __ F. Supp. 2d __, 2013 WL 4017904(W.D. Tex. Aug. 6, 2013)................13

*United States ex rel. Chunie v. Ringrose*,
   788 F.2d 638 (9th Cir. 1986) ..........................................................................5

*United States v. Graf*, 610 F.3d 1148 (9th Cir. 2010) ...........................................8

*Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977 (2002) ...........................5

*W. Radio Servs. Co. v. Qwest Corp.*, 678 F.3d 970 (9th Cir. 2012).....................6, 8

*Woford v. Am. Home Mortg. Serv., Inc.*, No. B237985,
   2013 WL 5569164, at *7 (Cal. Ct. App. Oct. 10, 2013) ...............................15

*Zadrozny v. Bank of New York Mellon*,
   720 F.3d 1163 (9th Cir. 2013) ..................................................................9, 10

*Zapata v. Wells Fargo Bank, N.A.*, No. C 13–04288 WHA,
   2013 WL 6491377 (N.D. Cal. 2013)..............................................................16

*Zucco Partners v. Digimarc Corp.*, 552 F.3d 981 (9th Cir. 2009) ..........................5

*Statutes*

United States Code
   Title 15
         Section 1692 ............................................................................................1
   Title 28
         Section 1291 ............................................................................................1
         Section 1331 ............................................................................................1

Federal Rules of Appellate Procedure
   Rule 28....................................................................................................................8

Federal Rules of Civil Procedure
   Rule 8 ....................................................................................................................5
   Rule 12.................................................................................................................4, 5

## TABLE OF AUTHORITIES

*Page(s)*

*Statutes*

New York Estates, Powers & Trusts Law
   Section 7-2.4 ....................................................................................11, 12, 14

*Other Authorities*

Roy D. Oppenheim & Jacquelyn K. Trask-Rahn, *Deconstructing*
   *the Bank Magic of Securitized Trusts:  How the Mortgage-Backed*
   *Securitization Process is Hurting the Banking Industry's Ability*
   *to Foreclose and Proving the Best Offense for a Foreclosure Defense,*
   41 Stetson L.Rev. 745 (2012) ......................................................................14

# I.

## JURISDICTIONAL STATEMENT

The district court had federal question jurisdiction of this case since plaintiff Brian E. McLaughlin attempted to allege a claim under the Fair Debt Collection Practices Act.  15 U.S.C. § 1692; 28 U.S.C. § 1331.  E.R. 381-383.

This Court has appellate jurisdiction of this matter pursuant to 28 U.S.C. § 1291.  McLaughlin appeals from a final judgment dismissing his action.  E.R. 552. That judgment was entered on March 19, 2013. E.R. 552.  McLaughlin filed his notice of appeal on April 11, 2013. E.R. 587.

# II.

## ISSUES FOR REVIEW

1.     Has McLaughlin forfeited any claim of error on review by filing a grossly deficient opening brief?

2.     Has McLaughlin shown that the district court abused its discretion in denying him leave to amend after finding his second amended complaint failed to allege a claim on which relief could be granted?

# III.

## STATEMENT OF THE CASE

In September 2006, McLaughlin obtained a $1 million loan from Countrywide Bank, N.A. ("Countrywide") and executed a promissory note and deed of trust.  E.R. 354, 393, 459.   The deed of trust encumbered McLaughlin's residence at 753

Barracuda Way in Laguna Nigel, CA (the "Barracuda Way property"). E.R. 349. The deed of trust named ReconTrust, N.A. ("ReconTrust") as the trustee and Mortgage Electronic Registration Systems, Inc. ("MERS") as beneficiary, solely as nominee for the Lender and its successors and assigns. E.R. 354-355, 393.

In September 2011, MERS assigned its interest in the deed of trust to Bank of America, N.A. ("BofA"). E.R. 418-419.

In October 2011, ReconTrust recorded a notice of default under McLaughlin's deed of trust. E.R. 487-490.

In April 2012, BofA assigned the beneficial interest in the deed of trust to Wells Fargo Bank, N.A. as Trustee on behalf of HarborView Mortgage Trust ("Wells Fargo"). E.R. 491-493. BofA continued to act as loan servicer of McLaughlin's loan. E.R. 433. Later that month, ReconTrust recorded a notice of trustee's sale under McLaughlin's deed of trust. E.R. 494-496.

McLaughlin filed an action in state court to enjoin the foreclosure sale. After the state court denied his motion for a preliminary injunction, McLaughlin voluntarily dismissed the suit, and then filed this action in federal court. E.R. 574.

Defendants moved to dismiss McLaughlin's original complaint. E.R. 574. McLaughlin filed no opposition. The motion was granted with leave to amend. E.R. 574.

McLaughlin filed a first amended complaint. E.R. 3. The district court granted defendants' motion to dismiss that pleading, again with leave to amend. E.R. 93, 327.

McLaughlin filed a second amended complaint ("SAC"). E.R. 344. The SAC alleges that:

- After originating his loan, Countrywide tried to sell it to some entity other than Wells Fargo or the HarborView trust. E.R. 355:3-6.

- Countrywide never sold or transferred McLaughlin's note and deed of trust to the sponsor or depositor of the HarborView trust, and defendants cannot demonstrate or document any such transfer. E.R. 355:7-16.

- McLaughlin's note was never transferred into the HarborView trust, and his deed of trust was first assigned to that trust five years after its closing date, and, as a result defendants cannot enforce those instruments, only Countrywide can. E.R. 355:24-366:2.

- The September 2011 assignment from MERS to BofA was ineffective because MERS lacked the power to assign the deed of trust, and Martha Munoz, who signed the document as a MERS vice president, was a ReconTrust employee without authority to sign for MERS. E.R., 358:23-359:4, 360:21-363:23.

- The April 2012 assignment from BofA to Wells Fargo was ineffective because it was signed by Ed Young, who signed it as a BofA vice president, was a Select Portfolio Servicing employee, not a BofA vice president and lacked authority to sign for BofA. E.R., 365:3-368:18.

- Neither BofA nor Wells Fargo is a holder or holder in due course of McLaughlin's note and neither is entitled to enforce the note under pertinent provisions of the California Commercial Code. E.R., 371:1-14.

- The notice of default and notice of sale were not authorized by the beneficial owner of McLaughlin's note and deed of trust. E.R., 373:4-374:14.

Based on these allegations, the SAC asserted causes of action for declaratory relief, quasi-contract, violation of the Fair Debt Collection Practices Act and California's Unfair Competition Law, and an accounting.  E.R. 345, 377-387.

Defendants again moved to dismiss.  E.R. 424.  McLaughlin opposed the motion.  E.R. 497.  In a single paragraph,[1] the opposition requested leave to amend but did not suggest any additional facts that McLaughlin could allege to cure the defects in his SAC.  E.R. 528-529.

Finding that the SAC stated no viable claim for relief, the district court granted the motion to dismiss in a detailed 14-page order.  E.R. 552.  The district court entered judgment dismissing this action on March 19, 2013.  E.R. 552.  McLaughlin filed his notice of appeal on April 11, 2013. E.R. 587.

## IV.

## STANDARD OF REVIEW

This Court reviews a dismissal under Fed. R. Civ. P. 12(b)(6) de novo.  *Kahle v. Gonzales*, 487 F.3d 697, 699 (9th Cir. 2007); *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).  The complaint's properly pleaded facts are presumed true.  Conclu-

---

[1] The paragraph states: "Far from being 'abundantly clear' that further amendment would be futile, it is abundantly clear that the Plaintiff has, or is able to, cure any defect identified by the Court, and to the extent necessary the Plaintiff requests leave to amend his complaint.  E.R. 528-529.

sions of law are not.[2] The Court also considers facts which may be judicially noticed[3] or which appear from documents whose contents are alleged in a complaint and whose authenticity no party questions—even if the document is not physically attached to the complaint.[4]

Under Fed. R. Civ. P. 8 and 12(b)(6), to survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Dismissal of a complaint without leave to amend is reviewed for abuse of discretion. *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012). The Court affirms when "it is clear that the deficiencies cannot be cured by amendment" or that "amendment would be futile." *Flowers v. First Hawaiian Bank*,

---

[2] *Alperin v. Vatican Bank*, 410 F.3d 532, 541 (9th Cir. 2005); *In re Verifone Secs. Litig.*, 11 F.3d 865, 868 (9th Cir. 1993); *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

[3] *Zucco Partners v. Digimarc Corp.*, 552 F.3d 981, 991 (9th Cir. 2009); *Outdoor Media Grp., Inc. v. City of Beaumont*, 506 F.3d 895, 899 (9th Cir. 2007).

[4] *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (2002); *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (2001).

295 F.3d 966, 976 (9th Cir. 2002); *accord Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1054 (9th Cir. 2008).

To preserve error in the district court's denial of leave to amend, a plaintiff must show that he or she requested leave to amend in the district court and explained to that court how he or she could amend the complaint to state a claim meeting Rule 8(a) or 9(b) standards. *See Bowen v. Olstead*, 125 F.3d 800, 806 (9th Cir. 1997).

## V.

## SUMMARY OF ARGUMENT

McLaughlin has forfeited any error in the appealed judgment by filing a grossly deficient opening brief. It contains a one-paragraph "statement of facts," unsupported by any citation to the record, as well as a two-paragraph "argument" that cites a single case and asserts that the Court should conclude from its own examination of the SAC and McLaughlin's opposition to the motion to dismiss that the SAC can be saved by some unspecified amendment.

McLaughlin's opening brief provides no meaningful argument or reasoning to support his assertion that he can amend to cure the SAC's defects. Therefore, McLaughlin has waived or abandoned that issue on appeal. *See W. Radio Servs. Co. v. Qwest Corp.*, 678 F.3d 970, 979 (9th Cir. 2012). His brief does not raise any other issue. It does not argue the SAC adequately alleged any claim for relief. As the brief

waives the sole issue it attempts to raise, it presents nothing for this Court's review. The Court should affirm the judgment on that ground alone.[5]

Aside from its procedural default, McLaughlin's opening brief fails to show that the district court abused its discretion in denying him leave to amend. McLaughlin relies solely on the California Court of Appeal's recent decision in *Glaski v. Bank of America, N.A.* (2013) 218 Cal.App.4th 1079 to argue that he can amend his complaint to state a viable claim. He is mistaken.

*Glaski* cannot resuscitate McLaughlin's moribund suit. *Glaski* is neither binding on this Court nor is it persuasive authority. It relies on weak authority and unsound reasoning to depart from well-established state and federal decisions. Moreover, McLaughlin did not allege the factual basis for a *Glaski* claim and has not shown that he could truthfully amend to do so. He does not allege that the securitization trust to which his loan was transferred was formed under New York law. Nor does he allege facts showing his loan was transferred to the trust after its closing date.

Thus, McLaughlin has not shown he can amend to cure the defects in his SAC. Accordingly, the judgment of dismissal should be affirmed.

---

[5] In its 14-page order, the district court adequately spelled out the reasons why it found McLaughlin's claims to be deficient. E.R. 558-566. Since McLaughlin does not argue to the contrary or challenge the court's reasoning on appeal, there is no need to add to the district court's clear explanation as to why his claims fail and were therefore properly dismissed.

## V.

## BY FILING A GROSSLY DEFICIENT OPENING BRIEF, MCLAUGHLIN HAS FORFEITED ANY CLAIM OF ERROR

An appellants' opening brief must contain the appellants' "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies …." Fed. R. App. P. 28(a)(9)(A). Failure to provide meaningful argument or reasoning supporting a contention constitutes a waiver or abandonment of the issue on appeal. *See W. Radio Servs. Co.*, 678 F.3d at 979; *Christian Legal Soc'y Chapter of Univ. of Cal. v. Wu*, 626 F.3d 483, 487-88 (9th Cir. 2010); *Brownfield v. City of Yakima*, 612 F.3d 1140, 1149 n. 4 (9th Cir. 2010) ("We review only issues [that] are argued specifically and distinctly in a party's opening brief."); *United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) ("Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived.").

The Court does not "consider matters on appeal that are not specifically and distinctly argued in appellants' opening brief." *Christian Legal Soc'y*, 626 F.3d at 487 (citation omitted). And the Court "will not do … appellant[s'] work for [them], either by manufacturing [their] legal arguments, or by combing the record on [their] behalf for factual support." *W. Radio Servs.*, 678 F.3d at 979.

McLaughlin presents no cogent analysis of any error in the district court's reasoning or holding and therefore has waived any alleged error on appeal. McLaughlin

neither mentions nor briefs a single cause of action asserted in his SAC. He does not

try to show that any one of them states a viable claim for relief or how any one of

them could be amended to do so. Offering no argument or analysis about these

claims, McLaughlin therefore waives any supposed error in their dismissal without

leave to amend. *See Int'l Union of Bricklayers v. Martin Jaska, Inc.*, 752 F.2d 1401,

1404 (9th Cir. 1985) (making clear that court "will not ordinarily consider matters on

appeal that are not specifically and distinctly raised and argued in appellant's opening

brief").

## VI.

### THE DISTRICT COURT PROPERLY REJECTED MCLAUGHLIN'S CONTENTION THAT BOFA AND WELLS FARGO LACK AUTHORITY TO ENFORCE THE DEED OF TRUST

The district court also properly rejected McLaughlin's contention that BofA and

Wells Fargo lack any interest in his deed of trust, and thus have no authority to

foreclose. The recorded documents, which were attached to the complaint or were

judicially noticeable, established BofA's and Wells Fargo's authority to proceed with

nonjudicial foreclosure under McLaughlin's deed of trust.

Here, as in *Zadrozny v. Bank of New York Mellon*, 720 F.3d 1163 (9th Cir.

2013), the deed of trust was a Fannie Mae Uniform Security Instrument. It named

MERS as beneficiary as nominee for the lender. *See id.* at 1166; E.R. 393. Also, as

in *Zadrozny,* paragraph 20 of the deed of trust provided that McLaughlin's note and

deed of trust could be sold one or more times without notice to the borrower. *See Zadrozny,* 720 F.3d at 1168; E.R. 403.

As in *Zadrozny*, here MERS executed and recorded a corporate assignment, transferring all beneficial interest in McLaughlin's deed of trust to BofA. *See id.* at 1166-1167[6]; E.R. 418-419. BofA subsequently assigned the deed of trust to Wells Fargo. E.R. 491-493.

In *Zadrozny,* this Court held similar facts sufficient to disprove the claim that the foreclosing assignee of the beneficial interest was not entitled to foreclose. *See Zadrozny,* 720 F.3d at 1168-70.

The same reasoning applies with equal force to McLaughlin's similar facts and similar claim.[7] Therefore, the district court did not err in rejecting his claim that BofA and Wells Fargo were not entitled to foreclose on the Barracuda Way property.

---

[6] In *Zadrony*, MERS assigned the deed of trust to Bank of New York Melon. *See id.* at 1667.

[7] *Zadrozny* was decided under Arizona law, but at least on issues relevant to McLaughlin's lack of authority to foreclose argument, California law is no different. Also, it makes no difference that BofA was the loan servicer rather than the loan's owner, since the servicer, like MERS, can hold record title and initiate foreclosure as the owner's agent or nominee. *See Herrera v. Fed. Nat'l Mortg. Ass'n*, 205 Cal. App.4th 1495, 1503-05 (2012).

## VII.

## *GLASKI* DOES NOT REVIVE
## MCLAUGHLIN'S MORIBUND ACTION

Contrary to McLaughlin's argument, A.O.B., 8, *Glaski* cannot save his claims. *Glaski* was wrongly decided. It is directly contrary to the Court of Appeal's decision in *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal.App.4th 497 (2013). Furthermore, the California Supreme Court is unlikely to follow *Glaski*, just as the federal district courts have not. Moreover, even were *Glaski* good law, McLaughlin did not allege facts sufficient to support the type of claim *Glaski* allowed.

### A.    *Glaski* Was Wrongly Decided

This Court is not obligated to follow *Glaski*, a decision of an intermediate state appellate court, if it finds convincing evidence that the California Supreme Court likely would not follow it. *See, e.g.*, *Jerry Beeman & Pharm. Servs., Inc. v. Anthem Prescription Mgmt., LLC*, 652 F.3d 1085, 1092 (9th Cir. 2011); *Ryman v. Sears, Roebuck & Co.*, 505 F.3d 993, 994 (9th Cir. 2007).

There is convincing evidence that *Glaski* was wrongly decided, and that the California Supreme Court is unlikely to follow it.

*Glaski* permitted a defaulted borrower to bring a wrongful foreclosure claim based on the allegation that his loan was transferred to a securitized trust, formed under New York law, after the trust's closing date. *See Glaski,* 218 Cal.App.4th at 1093-98. *Glaski* allowed the claim because it thought that New York Estates, Powers

& Trusts Law, § 7-2.4 rendered a post-closing-date transfer into the trust absolutely void, not merely voidable. *See Glaski*, 218 Cal.App.4th at 1096-97. Because the transfer was supposedly void, *Glaski* held, the borrower had standing to raise that defect even though the borrower was not a party to the allegedly defective transfer. *See id.* at 1094-95. For the same reason, *Glaski* thought the tender rule did not bar the borrower's suit. *See id.* at 1100.

At its core, *Glaski* rests on a misinterpretation of New York law. In fact, § 7-2.4 does *not* render transfers made in violation of written trusts absolutely void, but only voidable at the option of the trust's beneficiaries. Just last year, the Appellate Court of Illinois examined this issue at some length, citing a host of New York appellate decisions on the subject,[8] and concluded that under New York law, a trustee's

---

[8]    Among many others, the Illinois court cited *Mooney v. Madden,* 597 N.Y.S.2d 775, 776 (N.Y. App. Div. 1993) ("A trustee may bind the trust to an otherwise invalid act or agreement which is outside the scope of the trustee's power when the beneficiary or beneficiaries consent or ratify the trustee's ultra vires act or agreement … . This beneficiary consent may be express or implied from the acceptance of the trustee's act or agreement and may be given either after or before the trustee's act, as when the beneficiary or beneficiaries direct the trustee to take the challenged act or enter into the agreement."); *Hine v. Huntington,* 103 N.Y.S. 535, 540 (N.Y. App. Div. 1907) ("We have before this called attention to the fact that the cestui que trust is at perfect liberty to elect to approve an unauthorized investment and enjoy its profits, or to reject it at his option."). As the Illinois court noted, "[w]here an act can be ratified, it is voidable rather than void." *Bank of Am., N.A. v. Bassman FBT, LLC*, 981 N.E.2d 1, 9 (Ill. App. Ct. 2012).

ultra vires acts are merely voidable, not void. *See Bank of Am., N.A. v. Bassman FBT, LLC*, 981 N.E.2d 1, 8-9 (Ill. App. Ct. 2012).[9]

Though it recognized this contrary authority, *Glaski* chose to read § 7-2.4 literally, citing in support of its interpretation a single New York trial court opinion, a bankruptcy court decision from Texas, and a law review article. *See Glaski*, 218 Cal. App.4th at 1097. Apart from that exceedingly slender support, *Glaski* stated only one reason for refusing to follow the Illinois court's careful analysis of New York law: *Glaski* claimed its interpretation was needed to protect the securitized trust's beneficiaries from adverse income tax consequences that might flow from post-closing transfers into the trust. *See id.* However, protecting the trust's exemption from income tax is surely a task for the trust's beneficiaries, not for defaulted borrowers. If necessary to preserve their favored tax status, the beneficiaries can disaffirm voidable post-closing transfers. By contrast, voiding post-closing transfers harms the trust's beneficiaries immediately, and without their consent, by withholding valuable property from the trust in which they hold a beneficial interest.[10]

---

[9] *Accord Reinagel v. Deutsche Bank Nat'l Trust Co.*, 722 F.3d. 700, 705 (5th Cir. 2013); *Dernier v. Mortgage Network, Inc.*, No. 2012–226, __ A.3d __, 2013 WL 5663279, at ¶¶ 33-34 (Vt. Oct. 18, 2013); *Diunugala v. JP Morgan Chase Bank, N.A.*, No. 12cv2106–WQH–NLS, 2013 WL 5568737, at *8 (S.D. Cal. Oct. 3, 2013); *Svoboda v. Bank of Am.*, *N.A.*, No. SA–12–CV–00484–DAE, __ F. Supp. 2d __, 2013 WL 4017904, at *6 (W.D. Tex. Aug. 6, 2013).

[10] *See Deutsche Bank Nat'l Trust Co. v. Adolfo*, No. 12 C 759, 2013 WL 4552407, at *3 (N.D. Ill. Aug. 28, 2013) ("[W]e are persuaded by the courts that have held that a
(Fn. cont'd)

*Glaski* wrongly applies § 7-2.4 for another reason as well.  That section applies only to a "sale, conveyance or other act of the trustee."[11]  A transfer of a loan into the securitized trust is not a conveyance *of* the trustee, but rather the act of the "depositor," a completely separate entity:[12]

> Section 7–2.4 only purports to void an act "of the trustee" that violates the terms of the trust. The assignment, which was not accompanied by proof that it followed the correct chain of assignment to get to the trust, was not filled out by the trustee; it was signed by an agent of Accredited Home Lenders, Inc., the original lender, with a blank endorsement. Because defendants have not pointed to an act "of the trustee" in contravention of the PSA's terms, this court would find their attempt to void the assignment unpersuasive.

*Deutsche Bank Nat'l Trust Co. v. Stafiej*, No. 10 C 50317, 2013 WL 1103903, at *4 (N.D. Ill. Mar. 15, 2013); *accord Dernier*, 2013 WL 5663279, at ¶ 32.

---

(Fn. cont'd)

transfer that does not comply with a PSA is voidable, not void.  A contrary interpretation would injure the parties that the statute is intended to protect … [C]ertificateholders would be harmed if they could not receive foreclosure proceeds because a transfer, otherwise effective … did not comply with [the pooling and serving agreement]. We conclude that the transfer of the Note is voidable, at most, and therefore Adolfo cannot rely on noncompliance with the PSA to defeat foreclosure.")

[11]  Section 7-2.4 provides:  "If the trust is expressed in the instrument creating the estate of the trustee, every sale, conveyance or other act of the trustee in contravention of the trust, except as authorized by this article and by any other provision of law, is void."

[12]  *See* Roy D. Oppenheim & Jacquelyn K. Trask-Rahn, *Deconstructing the Bank Magic of Securitized Trusts:  How the Mortgage-Backed Securitization Process is Hurting the Banking Industry's Ability to Foreclose and Proving the Best Offense for a Foreclosure Defense,* 41 Stetson L.Rev. 745, 753 (2012).

In addition to misinterpreting and misapplying New York law, *Glaski* conflicts directly with *Jenkins v. JPMorgan Chase Bank, N.A.,* 216 Cal.App.4th 497, 514-15 (2013). The *Jenkins* court made clear that the borrower cannot state a viable claim based on alleged defects in this assignment of his or her loan:

> As an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, [Plaintiff] lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement, relating to such transactions.

*Jenkins*, 216 Cal.App.4th at 515.

Though *Jenkins* was published just three months before *Glaski*, the latter decision does not mention *Jenkins*, criticize it, or try to distinguish it. Given *Glaski's* flaws, it is hardly surprising that the decision has not been followed by other California appellate courts.[13]

---

[13]   *See Woford v. Am. Home Mortg. Serv., Inc.*, No. B237985, 2013 WL 5569164, at *7 (Cal. Ct. App. Oct. 10, 2013) ("The prevailing view is that plaintiff homeowners lack standing to challenge the validity of robo-signatures.").

"[This Court] [is] not precluded from considering . . . unpublished decisions as a possible reflection of California law, although they have no precedential value." *Jerry Beeman & Pharm. Servs., Inc.,* 652 F.3d at 1093 (citation omitted).

Federal district courts in this Circuit have also uniformly declined to follow *Glaski*.[14] This Court should likewise reject *Glaski* as erroneous and follow *Jenkins* instead.

## B. McLaughlin Did Not Allege Facts Supporting A *Glaski* Claim

Not only is *Glaski* wrongly decided, but it also provides no basis for reversing the court's dismissal of McLaughlin's claims because he did not, and cannot, allege sufficient facts to make a *Glaski*-type claim plausible.

As *Glaski*, itself, makes clear:

> [P]roperly alleging a cause of action under this theory re-
> quires more than simply stating that the defendant who in-

---

[14] *See, e.g.*, *Rivac v. Ndex West LLC*, No. C 13–1417 PJH, 2013 WL 6662762, at *4 (N.D. Cal. Dec. 17, 2013) (rejecting *Glaski* and following the "majority position" that "plaintiffs lack standing to challenge noncompliance with a PSA in securitization unless they are parties to the PSA or third party beneficiaries of the PSA") (citations omitted); *Zapata v. Wells Fargo Bank, N.A.*, No. C 13–04288 WHA, 2013 WL 6491377, at *2 (N.D. Cal. 2013) ("Every court in this district that has evaluated *Glaski* has found it is unpersuasive and not binding authority."); *In Re Sandri*, 501 B.R. 369, 374 (Bankr. N.D. Cal. 2013) ("*Glaski* is inconsistent with the majority line of cases and is based on a questionable analysis of New York trust law."); *Subramani v. Wells Fargo Bank N.A.*, No. C 13–1605 SC, 2013 WL 5913789, at *3 (N.D. Cal. Oct. 31, 2013) ("[T]he Court follows *Jenkins*, which appears to state the majority rule.") (citations omitted); *Pugh v. JPMorgan Chase Bank, N.A.*, No. 2:13–cv–01141, 2013 WL 5739147, at *2 fn. 5 (E.D. Cal. Oct. 22, 2013) ("*Glaski* is not persuasive."); *Newman v. Bank of N.Y. Mellon*, No. 1:12–CV–1629, 2013 WL 5603316, at *2 fn. 2 (E.D. Cal. Oct. 13, 2013) ("[N]o courts have yet followed *Glaski* and *Glaski* is in a clear minority on the issue."); *Diunugala*, 2013 WL 5568737, at *8 ("This Court finds the reasoning in the above cited case law to be more persuasive than that in *Glaski*.") (citation omitted); s*ee also Boza v. U.S. Bank, Nat'l Ass'n*, No. LA CV12–06993 JAK, 2013 WL 5943160, at *6-7 (C.D. Cal. Oct. 28, 2013) (outlining criticisms of *Glaski*).

voked the power of sale was not the true beneficiary under the deed of trust. Rather, a plaintiff asserting this theory must allege *facts* that show the defendant who invoked the power of sale was not the true beneficiary. (See *Herrera v. Federal National Mortgage Assn.* (2012) 205 Cal.App.4th 1495, 1506 … [plaintiff failed to plead specific facts demonstrating the transfer of the note and deed of trust were invalid].)

*Glaski*, 218 Cal.App.4th at 1094 (emphasis added).

Here, McLaughlin alleges no *facts* showing that the securitized trust to which his loan was transferred is governed by New York law. Instead, he alleges that the trust is governed by "the common law trust rules of Delaware or New York, depending on its origin." E.R. 351:14-17.

Even if New York law applied, McLaughlin alleges no facts that would support his contention that his loan was transferred to the securitized trust in breach of the pooling and servicing agreement. E.R. 352, 355. Indeed, McLaughlin does not allege what the closing date of the HarborView Trust actually was or when his loan was transferred to it. Nor can he state when his loan was actually transferred into the trust. E.R. 354-355. Thus, his assertion that the transfer occurred too late is sheer speculation, not plausible fact. As such, his conclusory assertions fall far short of demonstrating a factual basis for a *Glaski* type of claim.

As the Court of Appeal pointed out in *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal.App.4th 256, 272 (2011):

> Plaintiff rests her argument on the documents in the public record, but assignments of debt, as opposed to assignments of the security interest incident to the debt, are commonly not recorded. The lender could readily have assigned the promissory note to HSBC in an unrecorded document that was not disclosed to plaintiff. To state a claim, plaintiff was required to allege not only that the purported MERS assignment was invalid, but also that HSBC did not receive an assignment of the debt in any other manner. There is no such allegation.

For all of these reasons, the district court did not err in dismissing McLaughlin's claims. *Glaski* does not require any different result as it is both wrongly reasoned and distinguishable.

## VIII.

## CONCLUSION

For the reasons stated above, the Court should affirm the judgment. McLaughlin's SAC was properly dismissed and leave to amend was correctly denied.

DATED: January 9, 2014          SEVERSON & WERSON
                                A Professional Corporation


                                By:      */s/ Navdeep K. Singh*
                                         Navdeep K. Singh

                                Attorneys for Defendants and Appellees
                                Bank of America, N.A. and
                                Wells Fargo Bank, N.A., as trustee

# STATEMENT OF RELATED CASES

Defendants and appellees are unaware of any related cases.

Dated:  January 9, 2014.

_/s/ Navdeep K. Singh_
Navdeep K. Singh

# CERTIFICATE OF COMPLIANCE
## With Type-Volume Limitation, Typeface Requirements, and Type Style Requirements
[Fed. R. App. P. 32(a)(7)(B)]

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B), because this brief contains 4,542 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Office Word for Windows 2010, in Times New Roman, 14 point type.

Dated:  January 9, 2014.

*/s/ Navdeep K. Singh*
Navdeep K. Singh

## PROOF OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is The Atrium, 19100 Von Karman Avenue, Suite 700, Irvine, CA 92612.

On January 9, 2014, I served true copies of the following document(s):

**APPELLEES' BRIEF**

on the interested parties in this action as follows:

Joseph La Costa, Esq.                    Attorneys for Plaintiff/Appellant
Law Offices of Joseph La Costa           Brian McLaughlin
7840 Mission Center Court Suite 140
San Diego, CA 92108                      Telephone:  (619) 922-5287
                                         Facsimile:  (619) 599-1020
                                         E-Mail:     joelacostaesq@gmail.com

☒    **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Severson & Werson's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒    **BY CM/ECF NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system. Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 9, 2014, at Irvine, California.

                                         Taylor P. Hankins